IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-503-BO

| | |
|---|---|
| L&M TRANSPORTATION SERVICES, INC., <br> Plaintiff, <br><br> v. <br><br> JAMES EDWARD MCCURLEY, II. <br> Defendant. | ) <br> ) <br> ) <br> )     O R D E R <br> ) <br> ) <br> ) |

This matter is before the Court on defendant's motion to dismiss or, alternatively, transfer venue to the United States District Court for the Southern District of Alabama. [DE 9]. The matter has been fully briefed and is ripe for ruling. For the following reasons, the motion to transfer is granted.

## BACKGROUND

Plaintiff filed this complaint on October 5, 2017, alleging a breach of contract claim against defendant arising out of defendant's time working as plaintiff's agent. In that capacity, defendant, who is a resident of Alabama, coordinated freight loads for plaintiff, a logistics and transportation services provider. Plaintiff alleges that when defendant resigned, he owed an unpaid balance, which according to the terms of their agreement came due in full at the time of resignation.

Plaintiff is incorporated in and has its principal place of business in North Carolina, but defendant worked with plaintiff's Florida office. Defendant has now moved to dismiss the suit for lack of jurisdiction and improper venue, or, in the alternative, to transfer venue.

## DISCUSSION

The complaint in this action alleges that "[v]enue is proper." [DE 1 at 2]. Under 28 U.S.C. § 1391, venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendant does not reside in this district, and so venue is not proper under § 1391(b)(1). The complaint alleges the breach of contract stemmed from defendant's working relationship with plaintiff, including the signing of their agreement, which occurred in the Southern District of Alabama. Therefore, venue is proper in the Southern District of Alabama under both sections (b)(1) and (b)(2). As venue is proper under those provisions, § 1391(b)(3) does not apply.

> 28 U.S.C. § 1406 provides that
>
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). The Court finds that the interests of justice would best be served by transfer of this action to the Southern District of Alabama.

Plaintiff argues in response to the motion to dismiss that because plaintiff is a North Carolina corporation and has its principal place of business in North Carolina, and defendant acted as plaintiff's agent, defendant interacted with North Carolina such that venue is proper under § 1391(b)(2). But plaintiff's own pleadings show that the events that gave rise to the instant claim did not occur in this District and were not related to it. [DE 1-2].

However, even if the Court were to conclude that venue in this district is proper, the Court further finds that transfer to the Southern District of Alabama is appropriate under 28 U.S.C. § 1404(a). A court may transfer venue in a civil action, to any district or division in which the action might have been brought, for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). "An order allowing transfer of a matter to another district is committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). The Court may consider numerous factors, including the plaintiff's choice of forum, witness convenience and access, the convenience of the parties, where the events occurred that gave rise to the action, and enforceability of judgment. *See Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003). As the Court considers such factors, it bears in mind that the ultimate decision of whether transfer is appropriate is not reached by cataloguing the weighted result of each factor, but rather is within the "art of judging." *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F. Supp. 446, 451 (W.D.N.C. 1989) (citation omitted).

Because defendant resides in Alabama and the contract in question was signed in Alabama, the Court finds that transferring venue to the Southern District of Alabama is appropriate under § 1404(a).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or transfer [DE 9] is GRANTED IN PART and DENIED IN PART. Having determined that venue is not proper in this district, the Court in its discretion TRANSFERS this action to the United States District Court for the Southern District of Alabama.

SO ORDERED, this 20 day of August, 2018.

                                                *Terrence Boyle*
                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE